## D. H. WHATLEY et al. *v.* CHARLOTTA THOMAS.

**Supreme Court Practice — Judgment on Reversal.**

In an action of replevin, where the judgment differs from the verdict, the judgment will be reversed and the proper judgment rendered by the Appellate Court.[1]

Replevin by appellee against appellant to recover certain personal property. From a verdict and judgment for plaintiff, defendant appeals.

The plaintiff sued for forty bushels of corn among other things. The verdict was for twenty-three bushels of corn, and the judgment was for forty bushels of corn.

APPEALED from Circuit Court, Clay county, J. M. ARNOLD, Judge.

---

[1]
A judgment of a court in a larger amount than that assessed by the verdict of a jury is erroneous. Moody *v.* Galigher, 1 Miss. Dec. 463, and cases cited in note 1.

If the judgment of the court below be wrong, but the verdict be right, this court will reverse the judgment and enter the proper judgment here on the verdict. Thomas *v.* Estes, 2 S. & M. 439; Hill *v.* Robeson, 2 S. & M. 541; Barron *v.* Wade, 7 S. & M. 49; Muldrow *v.* Davis, 12 S. & M. 655.

Reversed and judgment here on verdict, Jauary 3, 1882.

*Attorney for appellant, Fred Beall.*

*Attorney for appellee, A. B. Cornell.*

Brief of Fred Beall:

This is an action of replevin commenced in a justice court by the appellee herein against the appellant, D. H. Whatley, for the recovery of a cow and calf, a mule, and forty bushels of corn. The writ of replevin was executed by two private citizens severally deputized, one after the writ was *fructus officio.* Judgment by default was had in the justice court against Whatley, who appealed with one of his sureties in the replevy bond, C. J. Townsend, to the Circuit Court.

After the jury had retired to consider their verdict on the trial of the case in the Circuit Court, they returned into court an informal verdict, the defendant and his counsel both being absent, whereupon the court instructed the jury as to their verdict in oral charge. The jury then rendered a verdict for a part of the property sued for, assigning the value of each article, but the court entered judgment for all the property sued for, except, probably, the calf, and at an aggregate value. The suit was for forty bushels of corn, the verdict was for twenty-three bushels, and the judgment was for forty bushels. The judgment does not follow the verdict.

All instructions to the jury shall be in writing. Code 1880, § 1714.

The judgment for the plaintiff, when the defendant has replevined the property, should be that the defendant and the sureties on his replevy bond restore the property to the plaintiff, or pay to her the value of each separate article as assesed by the jury. Code 1880, § 2627; Whitefield *v.* Whitefield, 40 Miss. 352.

Brief of A. B. Cornell:

\* \* \* It is true that the Code of 1880 requires the court to give instructions in writing; but we submit that it there has reference to instructions as to the law of the case, and not to mere form that could have no effect on the case whatever. It is a usual occurrence for the jury to come out and ask instructions as to

forms after their retirement, and they are generally given such by the court orally. * * * ·

As to the second reason given by the appellant in the case, which is that the verdict and the judgment do not agree, while we admit that in every portion it does not, still we submit that it does to that extent show to the court what the true verdict was, and we claim that the latter part of the judgment, as written up, in which the judgment shows forty bushels of corn, was simply a clerical error, and that the rest of the judgment shows fully what was the true verdict, and in that case the court will not reverse and remand, but simply enter up the proper form of judgment, as shown from all the facts in the case, and also apparent upon the face of the papers. The amount is the same in both the verdict and the judgment, as shown by both, and the error is simply one of the clerk, but does no injury to either party, as, of course, the amount alone is material as against the defendant, or in favor of the plaintiff. The rule is well established in the case of Buckingham v. Nelson, 42 Miss. 417, also in an unreported case of Petty v. Colfax County, that for clerical mistakes the Supreme Court will not reverse, but amend the defect and enter the proper judgment.

We submit that the Supreme Court ought to amend, or rather simply enter a proper judgment in accordance with the verdict on the facts.

OPINION.—COOPER, J.:

Because the judgment was rendered for the recovery of forty bushels of corn instead of the quantity named in the verdict, it must be reversed, but we direct a proper judgment on the verdict to be entered here.